**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| OGDEN F. BULLARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN OF TYGER )<br>RIVER CORRECTIONAL )<br>INSTITUTION, )<br>)<br>Respondent. )<br>_____) | CIVIL ACTION NO. 9:09-2198-HFF-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections (SCDC), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on August 17, 2009.[1]

The Respondent filed a return and motion for summary judgment on December 22, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on January 5, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

Petitioner filed a memorandum in opposition on January 29, 2010. This matter is

---

[1] The undersigned has given Petitioner the benefit of the date reflected on his proof of service, which is also the date stamped on the envelope. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



now before the Court for disposition.[2]

## **Procedural History**

Petitioner is currently incarcerated at the Tyger River Correctional Institution. The record reflects that Petitioner was indicted in July 2004 in Spartanburg County for murder [Indictment No. 04-GS-42-2688]. (R.pp. 106-107). Petitioner was represented by Thomas A.M. Boggs, Esquire, and on November 14, 2005, pled guilty to voluntary manslaughter. (R.pp. 1-41).[3] Petitioner was sentenced to fifteen (15) years confinement. (R.p. 41). Petitioner did not appeal his conviction and/or sentence.

On September 26, 2006,[4] Petitioner filed a pro se Post Conviction Relief Application ("APCR") in state circuit court. Bullard v. State of South Carolina, No. 2006-CP-42-3168. (R.pp. 43-49). Petitioner raised the following issues in his APCR:

1. Attorney failed to file a motion for suppression illegally obtained statement;

2. Attorney failed to investigate an important source;

3. Attorney failed to contact me after sentencing.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Respondent represents that there is a scrivener's error on the first page of the Guilty Plea Transcript reflecting the date as November 14, 2006, rather than November 14, 2005. However, the certificate confirms the actual date to have been November 14, 2005, the sentencing sheet confirms that Petitioner was sentenced on November 14, 2005, and Petitioner also represents in his petition that he pled guilty on November 14, 2005. (R.p. 42); see also Petition, p. 1.

[4]The PCR judge's order reflects a filing date of September 16, 2006. (R.p. 97). However, this is clearly a scrivener's error, as the APCR is date stamped September 26, 2006, and was not even signed by the Petitioner until September 21, 2006. (R.pp. 43, 48-49).

2



4. State witheld evidence from motion of discovery.

(R.p. 45).

Petitioner was represented in his APCR by William T. Mullen, Esquire, and an evidentiary hearing was held on May 22, 2007. (R.pp. 59-94). On May 23, 2008, the PCR judge's order was filed denying Petitioner's petition in its entirety. (R.pp. 97-105).

Petitioner appealed the denial of his APCR,[5] and was represented in his appeal by Lanelle C. Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's counsel filed a Johnson[6] brief raising the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not moving to suppress Petitioner's confession which was obtained under illegal circumstances?

See Johnson Petition, p. 2.

By letter dated December 9, 2008, the Clerk of the Supreme Court of South Carolina advised Petitioner that he could file a pro se response to the petition; however, Petitioner did not file a response, and on May 14, 2009, the Supreme Court of South Carolina denied the appeal. The Remittitur was issued on June 2, 2009.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

---

[5]While Petitioner's PCR appeal was pending, he also filed a federal habeas petition in this court. Bullard v. Tyger River correctional Institution, C.A. No. 9:08-2128. As Petitioner had not yet exhausted his state court remedies, that petition was dismissed, without prejudice, on November 25, 2008.

[6]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California,386 U.S. 738, 744 (1967).



**Ground One:** Ineffective Assistance of Counsel.

**Ground Two**: Not given opportunity to file appeal on judgment of conviction.

**Ground Three:** State withheld evidence from motion of discovery.

**Ground Four:** Coerced confession.

See Petition, pp. 6-11.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is



part of the AEDPA,[7] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner's state court conviction became final on Monday, November 28, 2005. Rule 203(b)(2), SCACR.[8] By the time Petitioner filed his APCR on September 26, 2006, three hundred and one (301) days had passed from when his conviction became final. The period of

---

[7] Antiterrorism and Effective Death Penalty Act of 1996.

[8] Petitioner had ten (10) days to file a direct appeal. Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction]. Petitioner's appeal time was extended in this case because it fell over the Thanksgiving holidays. However, because Plaintiff did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. See e.g., 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 263, SCACR.

5



limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on June 2, 2009.[9] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on August 17, 2009, seventy-five (75) days of additional non-tolled time had accrued since the final disposition in his APCR, for a total of three hundred and seventy-six (376) days, eleven (11) days outside his one year limitations period.

        Petitioner contends in his brief that he thought that he had one (1) year from the date that the Remittitur was issued on his PCR appeal to file this federal petition. However, the filing of Petitioner's APCR did not restart the federal statute of limitations. Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328. Petitioner also argues that he should be allowed to file this petition out of time due to his pro se status and his misunderstanding about when his time to file started to run. However, while the Fourth Circuit has held that the federal one year statute of limitations can be subject to

---

[9]The period is tolled until the date that the Remittitur is issued. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].

6



equitable tolling; see Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330)); circumstances will rarely warrant equitable tolling. Further, a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" which prevent a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Additionally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113). Petitioner has not shown that any extraordinary circumstances prevented him from filing his petition. Rather, he merely contends that his lack of knowledge as to when the statute started to run should excuse his failure to timely file his Petitioner. Petitioner is not entitled to equitable relief based upon his misunderstanding of when the time started to run under the statute. Cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]).

Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party

7



seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 8, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

